UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEOBARDO OLAZABAL CARRANZA,<br><br>　　　　Defendant. | No.  2:09-cr-00206-GEB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE** |

       Defendant Leobardo Olazabal Carranza moves under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence based upon the Sentencing Commission's passage of Amendment 782, which generally revised the Drug Quantity Table in U.S.S.G. § 2D1.1 downward by two levels. (Def.'s Mot., ECF No. 89.)

       The government opposes Defendant's motion, arguing that "the defendant does not qualify for a sentence reduction." (Gov't Opp'n 3:19-20, ECF No. 94.) The government rejoins:

> In this case, the defendant's sentencing range has not changed because the Sentencing Commission has no authority to alter a statutory mandatory penalty and he was subject to a mandatory minimum of 120 months in prison based upon his conviction in Count One of the Indictment. The Sentencing Commission's adoption of Amendment 782 only altered the offense levels for drug offenses. As discussed below, adoption of Amendment 782 did not, and could not, change the statutory mandatory minimum for this defendant's conviction.

1

> Where the statutory mandatory penalty was higher than the original guideline range, the statutory minimum became the guideline sentence. U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). No retroactive amendment has altered this provision, and therefore both the statutory mandatory penalty and the recommended guideline sentence remain exactly what they were at the time of the original sentencing proceeding. See § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."). Where a statutory mandatory minimum sentence above the guideline range is applicable, the passage of a retroactive guideline amendment is irrelevant. United States v. Paulk, 569 F.3d 1094, 1095-96 (9th Cir. 2009); United States v. Sykes, 658 F.3d 1140, 1147-48 (9th Cir. 2011). Thus, defendant's motion is precluded by Ninth Circuit precedent.

(Id. at 3:25-4:15.)

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Leniear, 574 F.3d 668, 673 (9th Cir. 2009) (internal quotation marks omitted) (quoting United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007)).

> However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: **(1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"**; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Id. (emphasis added) (quoting 18 U.S.C. § 3582(c)(2)).

2

Defendant has not shown that his sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Therefore, 18 U.S.C. § 3582(c)(2) is inapplicable and cannot be used to lower his sentence. Accordingly, Defendant's motion for reduction of sentence is DENIED.

Dated: February 10, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge